## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

UNITED STATES OF AMERICA

v.

JOSHUA HERRERA

Criminal Action No.
1:20-cr-00079-SDG-RDC

## OPINION AND ORDER

Before the Court is Defendant's Motion in Limine [ECF 81] to admit polygraph evidence at trial. After careful review and evaluation of the parties' arguments and relevant case law, the Court **DENIES** Defendant's Motion.

### I.      Background

Joshua Herrera has been charged with using a facility and means of interstate commerce to entice a minor to engage in sexual activity, in violation of 18 U.S.C. § 2422(b).[1] Herrera allegedly responded to an advertisement on the social network Kik, posted by an undercover Federal Bureau of Investigation agent purporting to be a mother looking for someone to teach her eleven-year-old daughter about sex.[2] Herrera allegedly communicated with the agent about the

---

[1]      ECF 10.

[2]      ECF 80, at 1.

daughter's age and sexual experience and discussed plans to meet to engage in sexual acts with the daughter.[3] Upon Herrera's arrival at the designated meet-up location, he was arrested by federal agents and taken into custody.[4]

After being charged in this case, Herrera submitted to a polygraph examination conducted by a licensed polygraph examiner.[5] In the course of that examination Herrera was asked the following questions:

> (1) Since the age of 18, have you ever engaged in inappropriate sexual contact with anyone who was under the age of 16? (Answer: No.)
>
> (2) Since the age of 18, have you physically gone to a location with the hopes of having any type of sexual contact with someone under the age of 16? (Answer: No.)

According to the polygraph examiner, Herrera's answers were not indicative of deception.[6] Herrera seeks to offer the polygraph examiner as an expert witness to testify as to his conclusions, to corroborate Herrera's anticipated testimony that he

---

[3]   *Id.* at 1–2.

[4]   *Id.* at 2.

[5]   ECF 81, at 6.

[6]   *Id.*

did not have the intent to commit the charged offense. The Government objects.[7]

The Court denies Herrera's motion for the reasons discussed below.

## II.     Discussion

Polygraph examinations, and opinions derived therefrom, are rarely admissible in court. *Norelus v. Denny's, Inc.,* 628 F.3d 1270 (11th Cir. 2010). The Eleventh Circuit carved out a narrow exception in *U.S. v. Piccinonna*, creating two in-roads for admitting polygraph evidence at trial: by stipulation of the parties or for purposes of corroboration or impeachment. 885 F.2d 1529 (11th Cir. 1989). These exceptions, of course, do not override the Federal Rules of Evidence, so judges must still ensure that polygraph evidence proffered at trial is otherwise admissible.

Specifically, for polygraph evidence to be admissible to corroborate or impeach testimony, a party must satisfy three conditions: (1) the party must provide adequate notice to the opposing party that he will offer polygraph evidence at trial; (2) the opposing party must be given a reasonable opportunity to have its own polygraph expert administer a test covering substantially the same questions; and (3) the testimony must satisfy the Federal Rules of Evidence for the

---

[7]     ECF 82, at 4.

admissibility of corroboration or impeachment testimony. *U.S. v. Henderson*, 409 F.3d 1293, 1301–02 (11th Cir. 2005). Polygraph evidence, offered through expert testimony, must also meet the reliability and relevance standards of Rule 702, as interpreted by *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (2003). Ultimately, admission of polygraph evidence is left to the discretion of the trial judge. *Piccinonna*, 885 F.2d. at 1536. The Court concludes that the polygraph evidence offered in this case should be excluded.

First, the proffered polygraph evidence would not assist the trier of fact as is necessary for admissibility under Rule 702. That rule has four requirements, all of which must be met before an expert can testify concerning his or her opinion on a matter. One of the rule's requirements is that the testimony must "help the trier of fact to understand the evidence or to determine a fact in issue." Polygraph evidence is unique: "Unlike other types of experts who assist the jury in understanding factual matters outside the juror's knowledge, a polygraph expert merely supplies the jury with another opinion, in addition to their own, as to whether the witness is telling the truth." *U.S. v. Pavlenko*, 845 F. Supp. 2d 1321, 1328 (quoting *U.S. v. Loaiza–Clavijo*, No. 1:08–CR–356–18–WSD–ECS, 2012 WL 529981, at *6 (N.D. Ga. Jan. 25, 2012)). The Court in *United States v. Warner*, faced with similar polygraph questions to those at issue here, determined that the

polygraph evidence was inadmissible since witness veracity is not beyond the understanding of a lay person. No. 1:13–CR–139–CAP, 2014 WL 1373634 (N.D. Ga. Apr. 8, 2014).

Here, much like the proffered polygraph evidence at issue in *Warner*, the polygrapher's opinion is simply that Herrera did not show signs of deception when answering the questions posed. But that is exactly the determination the jurors are charged with making should Herrera testify. And deciding whether Herrera is being truthful is not a matter beyond a jury's understanding such that expert testimony would be helpful. Ultimately, determining a witness's credibility is the jury's role and providing an additional opinion regarding that person's veracity does not assist the jury without invading its province. In other words, "the *jury* is the lie detector." *U.S. v. Scheffer,* 523 U.S. 303, 313 (1998) (emphasis in original).

Second, the proffered polygraph evidence's probative value is substantially outweighed by a danger of unfair prejudice under Fed. R. Evid. 403. Even assuming the evidence is admissible as expert testimony under Rule 702, its limited purpose and probative value is substantially outweighed by the risk of unfair prejudice in that jurors may be unduly influenced by it in making their own independent credibility assessment of Herrera's testimony. *See, e.g., U.S. v. Call,*

129 F.3d 1402 (10th Cir. 1997) (affirming trial court's decision to exclude polygraph results offered solely to corroborate testimony and bolster credibility, making the evidence more prejudicial than probative).

The Government argues that the polygraph evidence should also be kept out under Fed. R. Evid. 704. The Court disagrees. Rule 704(b) states that "[i]n a criminal case, an expert witness must not state an opinion about whether the defendant did or did not have a mental state or condition that constitutes an element of the crime charged or of a defense. Those matters are for the trier of fact alone." Strictly speaking, a polygrapher examining a defendant is not offering an opinion on whether he did or did not have a particular mental state or condition to commit the crime charged. A polygrapher is only offering an opinion about whether the defendant is lying during the examination: "[T]he only thing the polygraph examination proves is that the examinee believes [his] own story." *Norelus,* 628 F.3d at 1284 (citation and internal quotation marks omitted).

This type of opinion does not fall within the Rule 704(b) prohibition, largely because jurors could credit the polygrapher's opinion that the *defendant* believes his own story but still not believe the defendant himself. This stands in contrast to other inadmissible mental state opinions and the Court takes care not to conflate them. For example, an inadmissible 704(b) expert opinion often arises in cases

where a psychiatrist is being offered to testify about whether a defendant *actually* possessed a particular mental state. *See U.S v. Alexander*, 805 F.2d 1458, 1464 (11th Cir. 1986) (affirming exclusion under Rule 704(b) of expert opinion as to the defendant's legal sanity at the time she allegedly committed a crime). Whether a defendant *actually* possessed a mental state—a psychiatrist's inadmissible opinion—and whether a defendant was lying about possessing a mental state—a polygrapher's opinion—are distinct. Accordingly, the Court declines to exclude this evidence on the basis of Rule 704(b).

Finally, during the pretrial conference, the Government also objected to the admission of the polygraph evidence pursuant to Fed. R. Evid. 608, which governs the admission of character evidence. However, neither party made a substantive argument under this rule and the circumstances surrounding its invocation are speculative at this point. Because the Court is excluding the polygraph evidence on other grounds it need not make a ruling pursuant to Rule 608.

The Court acknowledges Herrera's argument that excluding polygraph evidence to corroborate his anticipated testimony in this case leaves little room for the holding in *Piccinonna*. But *Piccinonna* was always intended to provide a narrow exception for admissibility and to operate within the bounds of the Federal Rules of Evidence. Further, *Piccinonna* was decided before *Daubert*, which changed the

framework for the admissibility of expert testimony. Whether there remains a circumstance to allow polygrapher expert testimony in a criminal case under *Piccinonna* absent stipulation will depend very much on the specific factual circumstances of the case at hand. The Court concludes that the circumstances in this case are not it.

## CONCLUSION

Defendant's Motion in Limine to admit polygraph expert testimony is **DENIED**.

**SO ORDERED** this 25th day of October, 2022.

Steven D. Grimberg
United States District Court Judge