**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

UNITED STATES OF AMERICA

v.

JOSHUA HERRERA

Criminal Action No.
1:20-cr-00079-SDG-RDC

**OPINION AND ORDER**

Before the Court are the Government's Supplemental Motion in Limine [ECF 102] and Renewed Motion [ECF 110] to exclude the testimony of Dr. Tyler Whitney related to autism spectrum disorder (ASD) and Defendant Joshua Herrera's ASD diagnosis. After careful review of the parties' arguments and relevant case law, the Court **DENIES IN PART AND GRANTS IN PART** the Government's Motions.

**I.    Background**

The United States charged Joshua Herrera with using a means of interstate commerce to knowingly attempt to persuade, induce, entice, and coerce a minor to engage in sexual activity in violation of 18 U.S.C. § 2422(b).[1] Herrera allegedly responded electronically to an advertisement on the social network Kik, posted by an undercover FBI agent purporting to be a mother looking for someone to teach

---

1   ECF 10.

her eleven-year-old daughter about sex.[2] Herrera communicated with the agent about the "daughter's" age and sexual experience and discussed plans to meet and engage in sexual acts with the "daughter."[3] Upon Herrera's arrival at the designated meet-up location, he was arrested by federal agents and taken into custody.[4]

While preparing for trial, Herrera's counsel learned from his mother that Herrera may suffer from ASD.[5] The Court continued the trial date to allow counsel to explore how Herrera's condition might affect his potential defense.[6] On December 30, 2022, Herrera's counsel sent the Government a report pertaining to a psychological evaluation of Herrera titled "Mental State at the Time of the Alleged Crimes" authored by Whitney, a licensed clinical psychologist.[7] Herrera plans to call Whitney to testify to the following:

- Herrera has ASD, including an explanation of the methodology used to reach this diagnosis.[8]

---

[2] ECF 80, at 1.

[3] *Id.* at 1–2.

[4] *Id.* at 2.

[5] ECF 90, at 1.

[6] ECF 97.

[7] ECF 102, at 1.

[8] ECF 109, at 1.

- Herrera did not receive a formal ASD diagnosis as a child, including the reason for the delayed diagnosis.[9]

- Herrera exhibits certain traits that are common in individuals with ASD.[10]

- Herrera's behavior in this case *could* be consistent with the inability of many autistic persons to imagine how others might view certain behavior.[11]

- Herrera's behavior, though it may appear unusual to non-autistic persons, *could* be consistent with Herrera's statement that he was trying to save the "daughter."[12]

- Herrera's psychosexual assessment showed no indications that he has a sexual interest in children of either gender.[13]

The Government filed a motion *in limine* to exclude Whitney's testimony on the grounds that it violates the Insanity Defense Reform Act, Fed. R. Evid. 401, 402,

---

[9] *Id.* Notwithstanding the discussion below, the Court tends to agree with the Government that Whitney's proffered testimony concerning the reason for Herrera's delayed diagnosis may be inadmissible on hearsay and other grounds. The Court reserves ruling on the admissibility of this specific area of inquiry until trial.

[10] *Id.* at 2.

[11] *Id.* at 2–3.

[12] *Id.* at 3–4.

[13] *Id.* at 4.

403, and 704(b), and renewed its motion following the pretrial conference in response to Herrera's written proffer of Whitney's testimony.[14]

## II.   Legal Standard

"A motion *in limine* is 'any motion, whether made before or during trial, to exclude anticipated prejudicial evidence before the evidence is actually offered.'" *Benjamin v. Experian Info. Sols., Inc.*, No. 1:20-CV-2466-RWS, 2022 WL 1697876, at *1 (N.D. Ga. Mar. 25, 2022) (quoting *Luce v. United States*, 469 U.S. 38, 40 n.2 (1984)). In fairness to the parties and their ability to put on their case, a court should exclude evidence *in limine* only when it is clearly inadmissible on all potential grounds. *Luce,* 469 U.S. at 41. The movant has the burden of demonstrating that the evidence is inadmissible on any relevant ground. *In re Seroquel Prod. Liab. Litig.*, No. 606MD-1769-ORL-22DAB, 2009 WL 260989, at *1 (M.D. Fla. Feb. 4, 2009). "Unless evidence meets this high standard, evidentiary rulings should be deferred until trial so that questions of foundation, relevancy, and potential prejudice may be resolved in proper context." *Id*. Denial of the motion means the court cannot determine whether the evidence in question should be excluded outside the trial context. *Id*. (internal citation omitted). It does not mean that all evidence

---

[14]   *See generally*, ECFs 102, 110.

contemplated by the motion necessarily will be admitted at trial. *Id*. At trial, the court may alter its ruling based on the proceedings or on its sound judicial discretion. *Id*.

### III. Discussion

#### A. Whitney's testimony is admissible for the purpose of providing context for Herrera's actions and communications.

The Government moves to exclude expert testimony regarding Herrera's ASD diagnosis pursuant to FRE 402 and 403 to the extent Herrera plans to rely on it to negate his *mens rea*.[15] The Government argues that this testimony is only appropriately considered as part of an insanity defense, which Herrera is not pursuing, and therefore, it is not helpful to the trier of fact.[16] Moreover, because Herrera has not raised an insanity defense, the Government argues that Whitney's testimony should be excluded as irrelevant since "it is akin to justification or excuse and does not negate the *mens rea* of enticement."[17]

In response, Herrera makes clear that he does not intend to argue that he was incapable of forming the requisite specific intent. Rather, Whitney's testimony will provide the jury with an "understanding of [ ] Herrera's neurological

---

[15] ECF 102, at 2.

[16] ECF 110, at 1.

[17] ECF 102, at 6.

deficits,"[18] which is relevant to the jury's determination of whether he formed the requisite intent to entice a child. In other words, Herrera plans to use evidence of his diagnosis to provide necessary context to attack the specific intent element of the charged offense, not to argue that he did not (or could not) have the capacity to form such intent.

Interpreting the body of relevant case law on this issue requires parsing concepts along numbingly nuanced lines. The Constitution "guarantees criminal defendants 'a meaningful opportunity to present a complete defense.'" *Crane v. Kentucky*, 476 U.S. 683, 690 (1986) (quoting *California v. Trombetta*, 467 U.S. 479, 485 (1984)). Of course, that right is not absolute and must sometimes be abridged to ensure fairness and the reliability of evidence. "The right to introduce relevant evidence can be curtailed if there is a good reason for doing that." *Clark v. Arizona*, 548 U.S. 735, 770 (2006).

Lawmakers have found good reason for curtailing a defendant's right to offer psychiatric evidence in his defense. Congress enacted the Insanity Defense Reform Act (IDRA) in 1984, making it an affirmative defense to argue that, "at the time of the commission of the acts constituting the offense, the defendant, as a

---

18   ECF 104, at 2–3.

result of a severe mental disease or defect, was unable to appreciate the nature and quality or the wrongfulness of his acts." Evidence of a defendant's mental disease or defect cannot otherwise provide a defense. *Id*.

The Eleventh Circuit has interpreted the IDRA "to prohibit the presentation of evidence of mental disease or defect, short of insanity, to excuse conduct." *United States v. Westcott*, 83 F.3d 1354, 1358 (11th Cir. 1996). However, it has also held that "psychiatric evidence is still admissible where it negates the *mens rea* of a specific intent crime." *United States v. Bates*, 960 F.3d 1278, 1288 (11th Cir. 2020). Working within these bounds is challenging. Defendants must show how the psychiatric evidence they wish to offer "would negate intent and not merely present a dangerously confusing theory of defense more akin to justification and excuse than a 'legally acceptable theory of lack of *mens rea*.'" *United States v. Cameron*, 907 F.2d 1051, 1067 (11th Cir. 1990) (quoting *United States v. Pohlot*, 827 F.2d 889, 906 (3d Cir. 1987)).

In *Cameron*, the Eleventh Circuit delineated two types of psychiatric evidence: "affirmative defense psychiatric evidence" and "psychiatric evidence to negate specific intent," making clear that the two are distinct. "Affirmative defense" evidence of mental impairment must be raised by the defendant and can justify or excuse conduct that is otherwise criminal. 907 F.2d at 1067. Psychological

evidence aimed at negating a defendant's specific state of mind at the time he committed the alleged crime "by contrast, is not an affirmative defense but is evidence that goes specifically to whether the prosecution has carried its burden of proving each essential element of the crime—at least when specific intent is at issue." *Id.* at 1063. The latter, the Eleventh Circuit held, is not *per se* inadmissible.

An additional distinction is required. Where psychiatric evidence is admissible, evidence that a defendant lacks the *capacity* to form *mens rea* is to be distinguished from evidence that the defendant *actually* lacked *mens rea*. Though the two may be logically related, "only the latter is admissible to negate the *mens rea* element of an offense." *Westcott*, 83 F.3d at 1358. This distinction was fundamental to the court's holding in *United States v. Ngo*, No. CR H-17-413, 2020 WL 1234186, at *3 (S.D. Tex. Mar. 13, 2020). The defendant's expert in that case proffered that her training and experience would help the court in "determining the capacity of an individual to form [intentional] criminal responsibility and criminal culpability." *Id*. The expert then proffered that both autistic individuals and the defendant lacked *capacity* to understand the social environment around them or develop adequate social problem-solving skills. *Id*. The court excluded the expert's testimony because it could "only [serve to] confuse the jury as to whether

[the defendant] could ever form the intent required, not elucidate whether he had formed the *mens rea* during the period in the indictment." *Id.*

Expert testimony related to psychiatric evidence was also excluded in *United States v. Litzky*, 18 F.4th 1296, 1303 (11th Cir. 2021). There, the defendant was charged with various specific-intent child-pornography offenses. The defendant attempted to offer expert psychological testimony that her intellectual disability coupled with her history of victimization placed her in a position of extreme vulnerability. The Eleventh Circuit affirmed the trial court's order excluding this evidence because the defendant "failed to demonstrate how her psychiatric evidence would negate intent and not merely present a dangerously confusing theory of defense more akin to justification and excuse." *Id.* Because the evidence did not focus on the defendant's specific state of mind at the time of the charged offenses, it thus "fail[ed] to show how defendant was unable to form the required *mens rea.*" *Id.* The issue was not whether the defendant, as a general matter, had mental health issues or was vulnerable to manipulation, but whether she "knew what she was doing when she produced the pornographic images of her children." *Id.* at 1305. The proffered expert testimony regarding her psychiatric health ultimately did not bear on this question and thus, was irrelevant and inadmissible.

The proffered expert testimony in this case is different from the testimony in both *Ngo* and *Litzky*. Unlike the expert in *Ngo*, Whitney will not opine on Herrera's general capacity to *ever* develop the requisite intent. Whitney also will not testify to the general ability of an individual with ASD to *ever* develop the capacity to commit the charged offense. And, unlike in *Litzky*, the proffered testimony in this case is relevant to Herrera's formation of the necessary specific intent at the time of the charged conduct, not a general opinion about Herrera's mental health untethered to any element of the offense.

The Court concludes that allowing this evidence for the limited purpose of evaluating Herrera's *mens rea* to commit the charged offense does not impermissibly side-step the IDRA. While the line is fine, Whitney's testimony falls on the admissible side because it leaves the ultimate question of Herrera's actual intent within the purview of the jury. Whitney may contextualize Herrera's behaviors and provide insight into his mental state. But the jury will determine whether, in light of all the evidence, the government proved beyond a reasonable doubt that Herrera developed the specific intent required for conviction. Whitney's proffered testimony falls within the latter of the two categories

described in *Cameron*: "psychiatric evidence to negate specific intent." The Government's motion to exclude this evidence in advance of trial is denied.[19]

### B. Whitney's proffered testimony that Herrera's psychosexual assessment showed no indications that he has a sexual interest in children is excluded.

Herrera also plans to have Whitney testify to his finding that Herrera's psychosexual assessment showed no indications that he has a sexual interest in children. The Court concludes that under Eleventh Circuit precedent, this opinion qualifies as inadmissible ultimate opinion testimony under Fed. R. Evid. 704(b). Additionally, even if this testimony were admissible under Rule 704(b), its probative value is substantially outweighed by the danger of unfair prejudice and is excluded under Fed. R. Evid. 403.

Rule 704(b) prohibits experts in criminal cases from offering opinions about whether the defendant did or did not have a mental state or condition that constitutes an element of the crime charged. "An expert may, consistent with Rule 704(b), give testimony 'that supports an obvious inference with respect to the defendant's state of mind if that testimony does not actually state an opinion on

---

[19] The Court invites the Government to propose a limiting jury instruction concerning Whitney's testimony, to be delivered at the time of the testimony or as part of the final charge, or both.

[the] ultimate issue, and instead leaves this inference for the jury to draw.'" *United States v. Stahlman*, 934 F.3d 1199, 1220 (11th Cir. 2019) (quoting *United States v. Augustin*, 661 F.3d 1105, 1123 (11th Cir. 2011)).

The Eleventh Circuit opinion in *United States v. Gillis* is on point with the issue presented. There, like here, the defendant was charged with attempting to knowingly induce or entice a minor to engage in sexual activity, in violation of 18 U.S.C. § 2422(b). 938 F.3d 1181, 1195 (11th Cir. 2019). The district court excluded the expert's proffered opinion that the defendant was not sexually attracted to prepubescent girls. According to the district court, this opinion was nothing more than a "thinly veiled attempt" by the defense to offer an expert's opinion on the ultimate issue of intent. The Eleventh Circuit found no clear error in the district court's ruling, finding that allowing such testimony would have prevented the jury from drawing its own inference and "veered into the impermissible territory of offering an opinion on [the defendant's] mental state." *Id.*

While there is arguably conflicting case law,[20] the Court follows *Gillis* here. Herrera makes a strong argument that testimony regarding his lack of interest in

---

[20] In *United States v. Hite*, 769 F.3d 1154, 1169 (D.C. Cir. 2014), the D.C. Circuit held that the issue of sexual attraction to children is generally relevant to the element of intent in enticement cases. In *United States v. Stahlman*, 934 F.3d 1199, 1220 (11th Cir. 2019), the same year it issued the *Gillis* opinion, the

children is not directly opining on his intent for the crime with which he is charged and, therefore, the jurors can still draw their own inference. Again, the line here is thin. But faced with this factually (nearly) identical precedent, the Court follows *Gillis* and excludes Whitney's testimony regarding Herrera's psychosexual analysis on the grounds that it offers an opinion on an ultimate issue.

The Government is on stronger ground with its Rule 403 argument. The fact that Herrera's assessment showed no indication of sexual attraction to children has very little probative value to the questions the jury must resolve. It provides no context for Herrera's specific intent in this case—his general inclinations and proclivities (or lack thereof) will not help a jury make a determination as to whether he had the requisite intent *here*. The potential prejudicial impact, on the other hand, is substantial and undue; it could confuse the issues and mislead the jury by causing it to conflate Herrera's general propensity to commit sexual crimes against children with his specific intent to commit the crime with which he is charged in this case. Accordingly, in addition to excluding Whitney's opinion

---

Eleventh Circuit credited the reasoning in *Hite,* noting that expert testimony that a defendant had not been diagnosed with any psychiatric condition associated with sexual attraction to children *did not* amount to an opinion on the defendant's intent nor violate 704(b). Under the facts presented here, Undersigned is unable to meaningfully square the dicta in *Stahlman* with the holding in *Gillis*.

regarding Herrera's psychosexual assessment under Rule 704(b), it is also excluded under Rule 403, as the potential prejudicial effect substantially outweighs any probative value. In fact, the Court concludes that Rules 403 alone is a sufficient and independent basis to exclude Whitney's proffered testimony in this regard.

## IV. CONCLUSION

The Government's Supplemental and Renewed Motions in Limine to exclude Dr. Whitney's expert testimony [ECFs 102, 110] are **DENIED IN PART AND GRANTED IN PART**.

**SO ORDERED** this 20th day of March, 2023.

_____
Steven D. Grimberg
United States District Court Judge