IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>*v.*<br><br>JOSHUA RUBEN HERRERA | Criminal Action No.<br><br>1:20-CR-079-SDG-RDC-1 |

**Government's Sentencing Memorandum**

The United States of America, by Ryan K. Buchanan, United States Attorney, and Jesika W. French and Stephanie Gabay-Smith, Assistant United States Attorneys for the Northern District of Georgia, files this Government's Sentencing Memorandum requesting that this Court sentence Defendant Joshua Herrera to a Guidelines term of 235 months imprisonment.

**1. Factual Background**

On November 19, 2019, FBI Special Agent Megan Perry posted an advertisement as a mother looking for individuals interested in engaging in sexual activity with her daughter on a social network website for individuals interested in fetishes and kinks. (PSR ¶ 11.) The advertisement included SA Perry's undercover Kik username. (*Id.*) On November 21, 2019, the SA Perry received a message from the Defendant that read "Hey! I saw your post on fet" and "What are you looking for?" (*Id.* ¶ 12.) SA Perry told the Defendant that her

name was Michelle and that she had an 11-year-old daughter named Emmy (*Id.* ¶ 14.) She told the Defendant that she was looking for someone to teach her daughter how to be with a man. (*Id.*) Between November 26, 2019 and January 16, 2022, Defendant and SA Perry communicated through Kik messenger about the Defendant's plans to engage in sexual activity with the 11-year-old child. (*Id.* ¶¶ 12-23.)

During their conversations, the Defendant discussed the sexual activities that he anticipated engaging in with the child. He said that he would teach her "giving and receiving oral, her sensitive spots, a man's sensitive spots to start." (*Id.* ¶ 17.) The Defendant also said that "she's not having her periods, so it'll eventually lead to penetration" and he'd not like to use a condom after the first time (*Id.*) The Defendant also asked SA Perry to send him pictures of Emmy, and confirmed he was comfortable with her being 11 years old multiple times throughout their conversations. (*Id.* ¶¶ 14-22.) He asked SA Perry if he could set up future visits and, after SA Perry stated that Emmy was "excited," the Defendant said: "I hope she knows she can't really talk about any of this lol." (*Id.* ¶ 19).

The Defendant agreed to meet SA Perry and the 11-year-old child in person on January 16, 2020. (*Id.* ¶ 24.) They selected a Waffle House in Duluth, Georgia as the meeting location with the intention of going to SA Perry's residence after for the Defendant to engage in sexual activity with Emmy. (*Id.* ¶ 23-25.) On January 16, 2020, the Defendant drove from Athens, Georgia to the Waffle House

in Duluth, Georgia and was arrested in the parking lot. (*Id.* ¶ 27.) When the Defendant exited the vehicle, he was not wearing shoes and his pants were unbuttoned and unzipped. (*Id.*)

Agents informed the Defendant of his Miranda rights and he agreed to an interview without a lawyer. (*Id.* ¶ 29.) Herrera admitted to responding to SA Perry's posting from the fetishes and kinks website. (*Id.* ¶31-33.) The Defendant admitted that he communicated with SA Perry regarding engaging in sexual activities with her 11-year-old daughter. (*Id.* ¶ 35.) However, the Defendant explained that he only planned to meet with the mother so that when he arrived, he could call the police to report child abuse. (*Id.* ¶¶ 35-40.)

A search of Defendant's phone revealed the Kik account used to send the messages as well as some of the messages exchanged with SA Perry. It also included 30 composite images of child erotica and non-verifiable child pornography, as well as several bookmarks to pornography sites that were titled "teen." As promised in the Kik chat conversation, Herrera also had an STD test pulled up in the browser of his phone.

On February 12, 2020, a federal grand jury sitting in the Northern District of Georgia returned a one-count indictment charging the Defendant, Joshua Herrera, with using a facility and means of interstate commerce to entice a minor to engage in sexual activity, in violation of 18 U.S.C. § 2422(b). (PSR ¶¶ 1-2.) On March 30, 2023, a jury returned a verdict finding Defendant guilty.

## 2. The Sentencing Guidelines

The Sentencing Guidelines serve as the "starting point and the initial benchmark" in determining the appropriate sentence and the sentencing court must "remain cognizant of them throughout the sentencing process." *Gall v. United States*, 552 U.S. 38, 49-50 (2007). The PSR correctly calculates Defendant's base offense level under USSG §2G1.3 at 28 and correctly applies a two-level increase for the use of a computer to entice a minor to engage in prohibited sexual conduct under USSG §2G1.3(b)(3) and an eight-level increase for the offense involving a minor under 12 years old under USSG §2G1.3(a)(3). (PSR ¶45-47.) With a criminal history category of I and a total offense level of 38, Defendant's custody guideline range is correctly calculated in the PSR at 235 to 293 months.

## 3. The Sentencing Factors Under 18 U.S.C. § 3553(a) Warrant a Sentence of 235 Months Imprisonment.

A low-end Guidelines sentence of 235 months is reasonable and complies with the goals of sentencing set forth in 18 U.S.C. § 3553(a). Specifically, such a sentence considers the nature and circumstances of the offense, the history and characteristics of the defendant, will adequately provide deterrence, promote respect for the law, provide just punishment, and avoid sentencing disparities.

In view of the sentencing factors under Section 3553(a), no circumstances genuinely justify a downward variance or departure from the Guidelines. The government recognizes Defendant's age (29) and lack of criminal history, and in

doing so, requests a low-end Guidelines sentence. However, Defendant's history and characteristics show that he had all the tools necessary to abstain from illegal conduct, but nevertheless chose to attempt to sexually abuse an 11-year-old child. Defendant has not shown any acceptance of responsibility and his sentence must accurately reflect the seriousness of his attempt to engage in sexual conduct with an 11-year-old child. Defendant spent three months in a relentless pursuit of the child, exchanging over 400 messages. And while not charged with possession of child pornography, his phone contained 30 composite images of child erotica, further showing his intent to make those messages a reality.

A term of imprisonment which limits defendant's access to children is the best way to protect the public. Especially this Defendant, who has extensive knowledge of computers and ways to access the dark web. Further, a Guidelines sentence would send an unequivocal deterrent message to would-be abusers of children. The Eleventh Circuit has held, "[c]hild sex crimes are among the most egregious and despicable of societal and criminal offenses[.]" *United States v. Sarras*, 575 F.3rd 1191, 1220 (11th Cir. 2009). (discussing how courts have upheld lengthy sentences in cases involving child sex crimes as substantively reasonable). A low-end Guidelines sentence is sufficient—but not greater than necessary—to accomplish the aims set forth in Section 3553(a). The Court should therefore sentence Defendant to a term of 235 months imprisonment.

**Conclusion**

For the foregoing reasons the Court should sentence Defendant to a low-end Guidelines sentence of 235 months. This sentence takes into account all of the 3553(a) factors and is consonant with § 3553(a)'s directive to impose a judgment "sufficient but not greater than necessary."

Respectfully submitted,

RYAN K. BUCHANAN
  *United States Attorney*


/s/JESIKA W. FRENCH
   *Assistant United States Attorney*
  Georgia Bar No. 712040
  Jesika.French@usdoj.gov


/s/STEPHANIE GABAY-SMITH
   *Assistant United States Attorney*
  Georgia Bar No. 663519
  Stephanie.Smith@usdoj.gov


600 U.S. Courthouse, 75 Ted Turner Drive S.W., Atlanta, GA 30303
(404) 581-6000   fax (404) 581-6181

## Certificate of Service

The United States Attorney's Office served this document today by filing it using the Court's CM/ECF system, which automatically notifies the parties and counsel of record.

      Adam Marshall Hames

October 23, 2023

      /s/ JESIKA W. FRENCH
      JESIKA W. FRENCH
      *Assistant United States Attorney*